IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOSHUA MONROE HARMAN, et al.,

        Plaintiffs,

v.                              CIVIL ACTION NO. 2:20-cv-00336

DANNY E. WEBB,

        Defendant.

MEMORANDUM AND OPINION ORDER

Pending before the court is Defendant Danny E. Webb's Motion to Dismiss the Proceeding; and, if unavailing, to Dismiss Count III of the Complaint. [ECF No. 4]. For the reasons that follow, the Motion is **DENIED.**

I.    Background

Plaintiffs Joshua Monroe Harman and Jesse Christopher Harman, residents of Virginia, bring the instant action against Defendant Danny E. Webb, a resident of West Virginia, under diversity jurisdiction. The company, Danny Webb Construction Company, Inc. ("the Company"), is a West Virginia corporation and not a party to this proceeding.

According to the Complaint, on or about May 12, 2018, Plaintiffs entered into a Stock Purchase and Sale Agreement ("the Agreement") with Defendant Webb. Compl. [ECF No. 1] ¶ 5. In the Agreement, Defendant Webb sold to Plaintiffs the

Company, an injection well, four semi-tractor trucks, two tandems, and five tankers. *Id.* at ¶¶ 6, 8, 19.

As alleged in the Complaint, pursuant to the Agreement, Defendant Webb made certain representations and warranties to Plaintiffs. *Id.* at ¶ 7. Those representations included the following: there had been no significant regulatory trouble adversely affecting the Company's business or any of its property; the fixtures, equipment, plants, vehicles, and operating assets of the Company were suitable for the uses for which intended and compliant with applicable laws and regulations; there were no conditions existing with respect to any of the permits and licenses which might materially adversely affect any rights of the Company to conduct its business; and the Company was not in violation with any applicable regulation or law. *Id.* at ¶¶ 8–13, 20. Defendant also represented that he had made no representation or warranty containing any untrue statement of a material fact or made omissions of material facts. *Id.* at ¶¶ 14–15.

According to the Complaint, Defendant Webb agreed to indemnify and hold harmless Plaintiffs, including the Company against liabilities of the Company arising out of conduct of the Company prior to May 11, 2018. *Id.* at ¶ 16. Defendant agreed to indemnify and hold harmless Plaintiffs against any loss, claim, liability, expense or other damage incurred by Plaintiffs caused by, resulting from, or arising out of any breach of warranty or any inaccurate or erroneous representation made by Defendant Webb in the Agreement. *Id.* at ¶ 17. Defendant agreed to indemnify and hold harmless Plaintiffs against any and all actions, proceedings, demands, costs, and

legal and other expenses, including attorney fees, incidental to any of the provisions set forth in 5.1(a) and (b) of the Agreement. *Id.* at ¶ 18.

According to the Complaint, at the time Defendant Webb made his representations and executed the Agreement, only two of the six vehicles were licensed and in good operating condition. *Id.* at ¶¶ 21. Plaintiffs spent approximately $100,000 to put the vehicles in good operating condition and to obtain the proper licenses and permits. *Id.* at ¶¶ 21–23. Defendant Webb also represented and warranted to Plaintiff Christopher Harman that the well had been rebuilt in February 2018 with all-new parts and would be in good working condition for about 10 years. *Id.* at ¶ 24. In July 2018, the well experienced a significant leak which required Plaintiffs to spend $40,000 repairing the well. *Id.* at ¶ 27. Then, on November 12, 2018, the main pump ceased to operate, and the backup pump failed. *Id.* at ¶¶ 29, 31. As a result, Plaintiffs had to purchase and install another pump at a cost of approximately $50,000. *Id.* at ¶ 32.

In March 2020, as alleged, Plaintiffs learned that Defendant, when obtaining the original permit, misrepresented to the West Virginia Department of Environmental Protection the size of the containment area required to operate the wellhead in compliance with the regulations of the West Virginia Department of Environmental Protection. *Id.* at ¶ 34. Because the containment area does not comply with the regulations, Plaintiffs have to rebuild and expand the containment area to comply with the regulations applicable to the size of the storage tanks and operate the well at a reduced capacity until the containment area complies with the

regulations. *Id.* at ¶¶ 36–37. The cost of increasing the size of the containment area will be approximately $100,000. *Id.* at ¶ 38.

Plaintiffs bring a claim for Breach of Contract (Count I); Fraud (Count II); and Express Indemnification and Hold Harmless (Count III). Defendant Webb brought a Motion to Dismiss the Proceeding; and, if unavailing, to Dismiss Count III of the Complaint on June 5, 2020. [ECF No. 4]

## II. Legal Standard

### a) Rule 12(b)(7)

Defendant Webb first argues its motion to dismiss the proceeding pursuant to Federal Rule of Civil Procedure 19. Rule 19 provides the substantive joinder standards for determining whether a party is necessary or indispensable. Rule 12 is the procedural rule on dismissal for civil actions. *See* Fed. R. Civ. P. 12. A motion to dismiss for failure to join an indispensable party should be brought pursuant to Rule 12(b)(7). *Id.* The court will thus treat the instant motion as a 12(b)(7) motion to dismiss.

Rule 12(b)(7) provides that an action may be dismissed for failure to join a required party under Rule 19. *See* Fed. R. Civ. P. 12(b)(7). "The inquiry contemplated by Rule 19 is a practical one" which is left "to the sound discretion of the trial court." *Coastal Modular Corp. v. Laminators, Inc.*, 635 F.2d 1102, 1108 (4th Cir. 1980). First, the court must determine whether an absent party is "necessary" to the action, as detailed in Rule 19(a). *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005). If joinder is necessary, but infeasible, the court must then

determine whether the party is "indispensable" under Rule 19(b), such that the action cannot continue in that party's absence. *See id.* "Courts are loathe to dismiss cases based on nonjoinder of a party, so dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result." *See Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 441 (4th Cir. 1999)

On consideration of a 12(b)(7) motion, the movant bears the burden of "show[ing] that the [absentee] is needed for just adjudication." *Am. Gen. Life & Accident Ins. Co.*, 429 F.3d at 92 (citation omitted). While all factual allegations in the complaint are accepted as true, and inferences are drawn in favor of the nonmoving party, the court may also consider materials outside the pleadings in making its determination. *See Debbie's Staffing Servs., Inc. v. Highpoint Risk Servs., LLC*, No. 1:17CV657, 2018 WL 6031207, at *2 (M.D.N.C. Nov. 16, 2018).

### b) Rule 12(b)(6)

Alternatively, Defendant Webb argues Count III should be dismissed, presumably for failure to state a claim under Rule 12(b)(6).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "When ruling on a motion to dismiss, courts must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Farnsworth v. Loved Ones in Home Care, LLC*, No. 2:18-CV-01334, 2019 WL 956806, at *1 (S.D.W. Va. Feb. 27, 2019) (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)).

To survive a motion to dismiss, the plaintiff's factual allegations, taken as true, must "state a claim to relief that is plausible on its face." *Robertson v. Sea Pines Real Estate Co.*, 679 F.3d 278, 288 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plausibility standard is not a probability requirement, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although "the complaint must contain sufficient facts to state a claim that is plausible on its face, it nevertheless need only give the defendant fair notice of what the claim is and the grounds on which it rests." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017). Thus, "a complaint is to be construed liberally so as to do substantial justice." *Id.*

### III. Discussion

#### a) Failure to Join an Indispensable Party

First, Defendant Webb argues the entire proceeding should be dismissed because of failure to join an indispensable party—the Company. As I stated above, I must first determine whether the Company is a necessary party before deciding whether it is an indispensable party. In determining whether a party is necessary, the court must consider the practical potential for prejudice in the context of the particular factual setting of the case. *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968). Rule 19(a) provides, in pertinent part:

> (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those

> already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

<u>Jim C. Hamer Co. v. Nautilus Ins. Co.</u>, No. 2:06-CV-00465, 2006 WL 8439018, at *1–2 (S.D.W. Va. Nov. 14, 2006).

Here, Defendant Webb argues the Company, Danny Webb Construction Company, a West Virginia corporation, is an indispensable party pursuant to Rule 19(b) of the Federal Rules of Civil Procedure. Because Defendant Webb and the Company are both citizens of West Virginia and the Plaintiffs are citizens of Virginia, adding the Company would not destroy diversity.

However, the Company is not a necessary party. Plaintiffs brought breach of contract, fraud, and express indemnification claims against Defendant Webb. The Agreement is only between Plaintiffs and Defendant Webb. Plaintiffs allege that the misrepresentations were made by Defendant Webb, not the Company. And, as alleged in the Complaint, Defendant Webb agreed in the Agreement to indemnify Plaintiffs and hold harmless. A contracting party "is the paradigm of an indispensable party." *Gunvor SA v. Kayablian*, 948 F.3d 214, 221 (4th Cir. 2020). But here, though the Company was the subject of Defendant Webb's misrepresentations and was sold by Defendant Webb to Plaintiffs, the Company itself is not a party to the Agreement. It has no standing to sue Defendant for breach of contract, fraud, or indemnity for the

damages caused to Plaintiffs. Accordingly, the Company is not a necessary party to this action, and I need not address the second inquiry. *See Owens-Illinois*, 186 F.3d at 441 ("Courts are loathe to dismiss cases based on nonjoinder of a party, so dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result."). Defendant Webb's motion to dismiss the proceeding is **DENIED**.

### b) Count III Express Indemnification and Hold Harmless

Next, Defendant Webb moves to dismiss Count III Express Indemnification and Hold Harmless. "Express indemnity is based on a written agreement" between the parties. *Fink v. Spirit Servs. of WV, LLC*, No. 2:16-CV-08669, 2017 WL 4248872, at *4 (S.D.W. Va. Sept. 25, 2017). In West Virginia, "express indemnity agreements ... are commonly governed by the principles surrounding the requisites, validity and construction of contracts generally." *Id.* (quoting *Perrine v. E.I. du Pont de Nemours & Co.*, 225 W. Va. 482, 508 (2010)).

Plaintiffs allege that the Agreement requires Defendant Webb to indemnify Plaintiffs for the damages caused by the misrepresentations about the equipment and the permit. The parties have not provided the Agreement referenced in the Complaint. *See Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (explaining that a court may consider matters outside the pleadings on a 12(b)(6) motion that are "integral to and explicitly relied on in the complaint"). However, at this stage, taking the allegations in the Complaint as true, Defendant Webb is obligated under the

Agreement to indemnify Plaintiffs. Accordingly, I **DENY** Defendant Webb's motion to dismiss Count III.

### IV. Conclusion

For the reasons stated herein, Defendant Webb's Motion to Dismiss, [ECF No. 4], is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 1, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE