IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOSHUA MONROE HARMAN, et al.,

        Plaintiffs,

v.                                    CIVIL ACTION NO.  2:20-cv-00336

DANNY E. WEBB,

        Defendant.

ORDER

    Pending before the court is Plaintiffs' Motion to Seal. [ECF No. 122]. Plaintiffs seek to file under seal the attorney billing records submitted in support of their motion for attorney fees [ECF No. 114], which is also pending. For the reasons stated herein, the Motion is **DENIED**.

    This action involved Breach of Contract and Fraud claims arising out of a Stock Purchase and Sale Agreement entered into by the parties. The claims involved three distinct categories of damages. Plaintiffs ultimately prevailed on their Breach of Contract claim as to one of those categories of damages, and a jury awarded them $70,725.31 in compensatory damages and $10,608.79 in interest. Plaintiffs now seek attorney fees in the amount of $109,745.50, plus $2,816.65 in costs, for a total of $112,562.15. [ECF No. 114, ¶ 13]. According to their motion for fees, Plaintiffs arrived at this figure by determining the total amount incurred to litigate this case

($150,270.00) and subtracting charges related to the issues on which Plaintiffs did not prevail ($40,524.50). *Id.* ¶¶ 7, 12.

Plaintiffs did not initially submit billing records along with their motion. Accordingly, Defendant's response focused on Plaintiffs' "refus[al] to produce their attorneys' billing records," which he argued are necessary to determine the reasonableness of the fees, particularly given that "Plaintiffs only enjoyed limited success." [ECF No. 117, at 5]. In reply, Plaintiffs supplied the relevant billing records but moved to file them under seal. [ECF Nos. 121, 122]. In arguing that the billing records should not be disclosed, Plaintiffs rely largely on the pending appeal and consequent potential for a new trial.[1] *See* [ECF No. 121, at 4; ECF No. 122, at 1].

According to the Local Rules of Civil Procedure, a motion to seal must be:

> accompanied by a memorandum of law which contains:
>
> (A) the reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate;
>
> (B) the requested duration of the proposed seal; and
>
> (C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals.

Loc. R. Civ. P. 26.4(c)(2). "The rule requiring public inspection of court documents is necessary to allow interested parties to judge the court's work product in the cases

---

[1] That appeal is no longer pending, having been dismissed pursuant to the parties' stipulated motion to voluntarily dismiss. [ECF No. 135]. Shortly thereafter, however, the parties notified the court that they intend to resume an appeal once the motion for attorney fees is resolved.

2

assigned to it. The rule may be abrogated only in exceptional circumstances." Loc. R. Civ. P. 26(c)(1).

Here, Plaintiffs did not address alternatives to sealing, or case law regarding the propriety of sealing.[2] Plaintiffs also do not explain how the billing records reveal privileged strategic decisions. Moreover, Plaintiffs concede that redaction would be an adequate alternative to sealing. *See* [ECF No. 122-1 (stating that the billing records "should not be disclosed to defendant without redaction")].

For these reasons, the Motion is **DENIED**. The clerk is **DIRECTED** to strike the documents attached to the Motion to Seal from the record. Plaintiffs shall have until **March 17, 2023**, to file redacted billing records, along with a memorandum explaining why the redactions are justified. If Plaintiffs choose not to submit redacted records, their motion for attorney fees will be denied. If Plaintiffs do submit the records, Defendant is granted leave to file a surreply to the motion for attorney fees within **seven (7) days** from the date of service of the records and accompanying memorandum, or by **March 24, 2023**, whichever is sooner.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 10, 2023

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[2] In their Combined Motion to Seal and Memorandum in Support, Plaintiffs cite no authority for the proposition that a pending appeal justifies sealing attorney billing records. *See* [ECF No. 122]. In their reply regarding the motion for fees, Plaintiffs discuss some case law, but they only distinguish the cases cited by Defendant; they offer no affirmative support for their position. *See* [ECF No. 121, at 4].

3